**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
INDEPENDENCE MALL WEST
601 MARKET STREET
PHILADELPHIA, PA 19106-1797

MICHAEL E. KUNZ
CLERK OF COURT

CLERK'S OFFICE
ROOM 2609
TELEPHONE
(215)597-7704

June 7, 2006

U.S.D.C. DISTRICT OF DELAWARE
J. CALEB BOGGS FEDERAL BLDG.
844 KING ST. LOCKBOX 18
WILMINGTON, DE 19801-3570

RE: U.S.A. V. DERRICK DIXON
PA# 06-M-602  DE# 06-61

Dear Clerk:

We herewith enclose the original record, together with a certified copy of the docket entries, in the above captioned case which has been transferred to your District pursuant to RULE 5(c).

Kindly acknowledge receipt on the copy of the letter provided.

Very truly yours,

MICHAEL E. KUNZ
Clerk of Court

By: _____
JIM CRUZ, Deputy Clerk

FILED
JUN 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Received above material or record file this ___ day of ___, 2004.

Signature: _____

Date: _____

crf1

CLOSED

# United States District Court
# Eastern District of Pennsylvania (Philadelphia)
# CRIMINAL DOCKET FOR CASE #: 2:06-mj-00602-ALL
# Internal Use Only

Case title: USA v. DIXON                           Date Filed: 06/02/2006

Assigned to:

### Defendant

**DERRICK DIXON** (1)                    represented by **MICHAEL DROSSNER**
*TERMINATED: 06/02/2006*                                LINDY & ASSOCIATES
*also known as*                                         1800 JOHN F. KENNEDY BLVD
MS BANKS (1)                                            SUITE 1500
*TERMINATED: 06/02/2006*                                PHILADELPHIA, PA 19103
                                                        US
                                                        215-575-9290
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

**Pending Counts**                       **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                    **Disposition**

None

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 6/7/06
ATTEST: _____
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**Highest Offense Level (Terminated)**

None

**Complaints**                           **Disposition**

None

**Plaintiff**

| USA | represented by | **EMILY MCKILLIP** <br> UNITED STATES ATTORNEY'S OFFICE <br> 615 CHESTNUT ST <br> STE 1250 <br> PHILADELPHIA, PA 19106 <br> 215-861-8416 <br> Fax: 215-861-8497 <br> Email: emily.mckillip@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |
|---|---|---|

| Date Filed | # | Docket Text |
|---|---|---|
| 06/02/2006 | 1 | Minute Entry for proceedings held before Judge CHARLES B. SMITH: Initial Appearance in Rule 5(c)(3) Proceedings as to DERRICK DIXON held on 6/1/2006. ATTORNEY EMILY MCKILLIP for USA, MICHAEL DROSSNER for DERRICK DIXON ADDED IN CASE. Deft. temp. detained without bail pending a Removal Hearing set for 6/2/06 at 1:30 p.m., Courtroom 5A.Court Reporter ESR.(jcz, ) (Entered: 06/02/2006) |
| 06/02/2006 | 2 | ORDER AS TO DERRICK DIXON, THAT THE DEFT. IS TEMPORARILY DETAINED WITHOUT BAIL PENDING A REMOVAL HEARING SCHEDULED FOR 6/2/06 AT 1:30 P.M., COURTROOM 5A . Signed by Judge CHARLES B. SMITH on 6/1/06.6/2/06 Entered. (jcz, ) (Entered: 06/02/2006) |
| 06/02/2006 | 3 | Minute Entry for proceedings held before Judge CHARLES B. SMITH: REMOVAL HEARING as to DERRICK DIXON held on 6/2/2006. Identity admitted. Waiver of removal form signed. Deft. detained without bail pending his appearance in the charging district.Court Reporter ESR.(jcz, ) (Entered: 06/02/2006) |
| 06/02/2006 | 4 | WAIVER of Rule 5(c)(3) Hearing by DERRICK DIXON. (jcz, ) (Entered: 06/02/2006) |
| 06/02/2006 | 5 | FINDINGS AND ORDER OF REMOVAL AS TO DERRICK DIXON, THAT THE DEFT. IS REMOVED TO THE DISTRICT OF DELAWARE. IT IS FURTHER ORDERED THAT THE DEFT. IS DETAINED WITHOUT BAIL PENDING HIS APPEARANCE IN THE CHARGING DISTRICT. THE CLERK OF COURT IS DIRECTED TO TRANSMIT THE ORIGINAL RECORD TO SAID DISTRICT . Signed by Judge CHARLES B. SMITH on 6/2/06.6/2/06 |

| | | |
|---|---|---|
| | | Entered. (jcz, ) (Entered: 06/02/2006) |
| 06/02/2006 | 🌐 | RULE 5(c) Transfer to DISTRICT OF DELAWARE as to DERRICK DIXON. (jcz, ) (Entered: 06/02/2006) |
| 06/02/2006 | | ***Case Terminated as to DERRICK DIXON (jcz, ) (Entered: 06/02/2006) |



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BAIL STATUS SHEET**

```
------------------------------------
       CHARLES B. SMITH                    Date:  June 1, 2006
CHIEF UNITED STATES MAGISTRATE JUDGE
------------------------------------       Jerry LaRosa
                                           Electronic Recorder

                                           Emily McKillip, Esquire
                                           Assistant U.S. Attorney

UNITED STATES OF AMERICA                   INITIAL APPEARANCE

         vs.                               No. 2:06-mj-602

DERRICK DIXON                              Michael Drossner, Esquire
Defendant                                  Counsel for Defendant
                                           Jeffrey M. Lindy & Associates
                                           (Retained, present)
```

After hearing held this day pursuant to the Federal Rules of Criminal Procedure, or after hearing held pursuant to defendant's motion, the bail status as to the above-named defendant is as follows:

Defendant temporarily detained without bail pending a Removal Hearing scheduled before Judge Smith for Friday, June 2, 2006, at 1:30 p.m., in Courtroom 5A.

By:

*Toni Wambold*
Toni Wambold
Deputy Clerk to JUDGE SMITH

Time:  5 minutes

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :    NO. 2:06-mj-602

VS.

DERRICK DIXON



## O R D E R

AND NOW, this 1st day of June, 2006, following appearance of the defendant before the undersigned this date, it is hereby ORDERED that the defendant is temporarily detained without bail pending a Removal Hearing scheduled for Friday, June 2, 2006, at 1:30 p.m. in Courtroom 5A.

It is so ORDERED.

BY THE COURT:

_____
CHARLES B. SMITH
CHIEF UNITED STATES MAGISTRATE JUDGE



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BAIL STATUS SHEET**

```
-------------------------------------
       CHARLES B. SMITH                    Date:  June 2, 2006
CHIEF UNITED STATES MAGISTRATE JUDGE
-------------------------------------      Jessica Whitfield
                                           Electronic Recorder

                                           William McSwain, Esquire
                                           Assistant U.S. Attorney

       UNITED STATES OF AMERICA            REMOVAL HEARING

                VS.                        No. 2:06-mj-602

DERRICK DIXON                              Michael Drossner, Esquire
Defendant                                  Counsel for Defendant
                                           Jeffrey M. Lindy & Associates
```

After hearing held this day pursuant to the Federal Rules of Criminal Procedure, or after hearing held pursuant to defendant's motion, the bail status as to the above-named defendant is as follows:

    Identity admitted. Waiver of Removal form signed. Defendant DETAINED WITHOUT BAIL pending his appearance in the charging district.

By: _____
Toni Wambold
Deputy Clerk to JUDGE SMITH


Time: 5 minutes

AO 466 (Rev. 8/01) Waiver of Rule 40 Hearings

# UNITED STATES DISTRICT COURT

_____Eastern_____ DISTRICT OF _____Pennsylvania_____

UNITED STATES OF AMERICA

**FILED**

JUN - 2 2006

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

V.

__DERRICK DIXON__
Defendant

**WAIVER OF RULE 40 HEARINGS**
(All Criminal Cases)

JUDGE:

CASE NUMBER:   2:06-mj-602

I understand that charges are pending in the _____ District of _____Delaware_____

alleging violation of _____18 U.S.C. Section 1344_____ and that I have been arrested in this district and
(Title and Section / Probation / Supervised Release)

taken before a United States magistrate judge, who has informed me of the charge(s) and my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2) an identity hearing to determine whether I am the person named in the charges;

- Check one only -

[✓] **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**

(3) a preliminary examination (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and
(4) request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.

[ ] **PROBATION OR SUPERVISED RELEASE CASES:**

(3) a preliminary examination (if the violation charged allegedly occurred in this district, and I am held in custody solely on that charge) to determine whether there is probable cause to believe I have violated the terms of my probation/supervised release; and
(4) a hearing under Rule 46 (e), Fed. R. Crim. P., in which I have the burden of establishing my eligibility for release.

**I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):**

( ) identity hearing

( ) preliminary examination

( ) identity hearing and have been informed I have no right to a preliminary examination

(✓) identity hearing but request a preliminary examination be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
Defendant

__June 2, 2006__
Date

_____
Defense Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

DERRICK DIXON

NO. 2:06-mj-602



### FINDINGS AND ORDER OF REMOVAL

AND NOW, this 2nd day of June, 2006, upon application of the United States, the defendant having waived a hearing thereon, it is hereby

ORDERED

that the defendant, Derrick Dixon, is REMOVED to the District of Delaware, pursuant to Federal Rules of Criminal Procedure.

It is FURTHER ORDERED that the defendant is DETAINED WITHOUT BAIL pending his appearance in the charging district.

The Clerk of Court is directed to transmit all original documents to the said district.

BY THE COURT:

_____
CHARLES B. SMITH
CHIEF UNITED STATES MAGISTRATE JUDGE

06m602

AO 442 (Rev. 12/85) Warrant for Arrest

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

## WARRANT FOR ARREST

v.

CASE NUMBER: 06- 61M - MPT

Derrick Dixon, aka "Banks"

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Derrick Dixon, a/k/a Banks when and as stated in the Criminal Complaint and bring said Defendant to the nearest magistrate to answer a(n)

__ Indictment __ Information _X_ Complaint __ Order of court __ Violation Notice __ Probation Violation Petition

charging the Defendant with (brief description of offense)

on February 11, 2006, executing a scheme and artifice to defraud PNC Bank,

in violation of Title _18_ United States Code, Section (s) _1344_____

Honorable Mary Pat Thynge
Name of Issuing Officer

[signature]
Signature of Issuing Officer

Bail fixed at $ _No Bail_

United States Magistrate Judge
District of Delaware
Title of Issuing Officer

April 28, 2006  Wilmington, DE
Date and Location

[signature]
by
Name of Judicial Officer

AO 91 (Rev. 12/93) Criminal Complaint

# United States District Court

## DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

Derrick Dixon, aka "Banks"

CASE NUMBER: 06- 61M·MPT

### CRIMINAL COMPLAINT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about February 11, 2006 in New Castle County, in the District of Delaware, defendant(s) did knowingly execute a scheme to defraud a financial institution and obtained moneys, assets and property under the custody or control of a financial institution, by means of false or fraudulent pretenses and representations, in violation of Title 18 United States Code, Section(s) 1344.

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

See attached Affidavit.

Continued on the attached sheet and made a part hereof:   Yes

_Shon Sain_
Shon Sain
Special Agent

Sworn to before me and subscribed in my presence,

April 28, 2006 at                              Wilmington, DE
Date                                           City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer               Signature of Judicial Officer

## AFFIDAVIT

1. I, Shon L. Sain, am a Special Agent with the United States Secret Service and have been so employed since April 9, 2000. I am assigned to the Wilmington Resident Office located in Wilmington, DE, and investigate among other crimes, Bank Fraud, Access Device Fraud and other financial-related crimes. I have personally participated in this investigation and am aware of the facts contained herein based upon my own investigation, as well as collaborations with other law enforcement officers having knowledge of the case. I have not included all of the facts known to me in this affidavit, just those facts which I believe necessary to establish probable cause to support this Complaint.

2. On 3/2/06, Charlotte Fletcher, Fraud Investigator for PNC Bank, notified the U.S. Secret Service that nine of PNC Bank's customers were under suspicion of fraud. Ms. Fletcher provided documentation to me consisting of bank statements, account ledgers, copies of deposited checks, signature cards, ATM surveillance photographs and account histories.

3. The nine PNC Bank account holders are AB, NW, JH, CB and TW, MB, TT, TD, KR, and SM. A review of each of these checking accounts revealed a common pattern: multiple, fraudulent deposits being completed via PNC Bank ATM machines, where the suspect deposited stolen, purchased, or unauthorized checks into the account and immediately withdrew the available funds. The available amount for withdrawal was always $700.

4. PNC Bank provided ATM surveillance photographs of an individual making the fraudulent deposits in six of the nine accounts. I compared all of these photographs, and determined that it was the same individual in all of them.

5. On 4/6/06, AB was interviewed regarding his checking account. AB stated that in early February of 2006, he met an individual named "Banks" at 10th and Market Streets, Wilmington, DE. "Banks" asked him if he wanted to make some money. When AB agreed, "Banks" offered to pay him an undetermined amount of money if AB would provide his ATM card and pin number to him. AB agreed to, and did, provide the ATM card and pin number to "Banks," but "Banks" never returned to pay him as promised. AB believed that "Banks" real name was Derrick, but did not know his last name.

Banking records show the following breakdown of transactions on AB's account in the format of date of the transaction, deposited amount and maker of the deposited check:

| Date | Deposited Amount | Amount W/Drawn | Maker of Check |
|---|---|---|---|
| 2/11/06 | $1450.00 | $700.00 | Viola S. Handy |
| 2/12/06 | $1450.00 | $700.00 | Marketa Powell |

|  |  |  |  |
|---|---|---|---|
| 2/12/06 | $1450.00 | $700.00 | Marketa Powell |
| 2/12/06 | $1375.00 | $700.00 | Marketa Powell |
| 2/12/06 | $1250.00 | $700.00 | Marketa Powell |
| 2/13/06 | $1625.00 | $700.00 | Marketa Powell |
| 2/13/06 | $1475.00 | $700.00 | Marketa Powell |
| Totals | $10,075.00 | $4,900.00 | |

The above-mentioned transactions occurred at ATMs at 4111 Concord Pike, Wilmington, DE and 691 Naamans Rd., Wilmington, DE. All were captured on videotape by the ATM surveillance cameras. These photographs were provided to AB, who said that the person in the photographs was "Banks."

6. On 4/17/06, TD was interviewed regarding her checking account. TD stated that in February of 2006, her pocketbook was stolen from her residence, which contained her ATM card and pin number. TD stated that her fiancé had a number of associates at her residence around the same time her pocketbook was stolen. TD believes that one of these individuals was responsible for the theft of her pocketbook and the subsequent fraud on her checking account.

Banking records show the following breakdown of transactions on TD's account:

| Date | Deposited Amount | Amount W/Drawn | Maker of Check |
|---|---|---|---|
| 2/9/06 | $1650.00 | $700.00 | Sereba Henry |
| 2/10/06 | $1850.00 | $700.00 | Viola S. Henry |
| 2/10/06 | $1650.00 | $700.00 | Viola S. Henry |
| Totals | $5150.00 | $2100.00 | |

The above mentioned transactions were captured on the ATM surveillance system located at 4111 Concord Pike, Wilmington, DE. These photographs were provided to TD. TD positively identified the individual in the photographs as a person she knows as "Banks."

7. On the same date, TD's fiancé (hereinafter, TDF) was interviewed regarding "Banks" and about his personal checks being used to make deposits by "Banks" in other PNC Bank accounts. TDF stated that when "Banks" was at his residence, Banks offered to purchase TDF's unused checks for $800. Due to TDF's financial problems at the time, he agreed and provided "Banks" with approximately one-hundred blank checks drawn on Citizens Bank. TDF stated that he was never paid by "Banks." The ATM surveillance photographs were shown to TDF. He positively identified "Banks" as the individual he sold his checks to. He believed that "Banks" real name was Derrick.

8. On the same date, one of the PNC Bank account holders in paragraph three identified the individual in all of the ATM surveillance photographs as Derrick

Dixon. The CS was provided a photograph of Dixon from the DELJIS system and positively identified Dixon as the individual in the surveillance photographs.

9. A review of banking records for SM's account reveals the following fraudulent transactions:

| Date | Deposited Amount | Amount W/Drawn | Maker of Check |
|---|---|---|---|
| 2/12/06 | $1350.00 | $700.00 | Marketa Powell |
| 2/12/06 | $1450.00 | $700.00 | Marketa Powell |
| Totals | $2800.00 | $1400.00 | |

These above mentioned transactions were captured on the ATM surveillance system located at 691 Naamans Rd., Wilmington, DE. The individual in the photographs, in my opinion, resembles Derrick Dixon. The checks in the name of Marketa Powell were also used by in committing the fraud related to AB's account. (See paragraph 5).

10. A review of banking records for TT's account reveals the following fraudulent transactions:

| Date | Deposited Amount | Amount W/Drawn | Maker of Check |
|---|---|---|---|
| 2/16/06 | $1800.00 | $700.00 | Mario D. Turner |
| 2/16/06 | $1100.00 | $700.00 | Mario D. Turner |
| 2/16/06 | $1600.00 | $700.00 | Mario D. Turner |
| 2/16/06 | $1300.00 | $700.00 | Mario D. Turner |
| 2/16/06 | $1250.00 | $700.00 | Mario D. Turner |
| 2/16/06 | $1425.00 | $700.00 | Mario D. Turner |
| Totals | $8475.00 | $4200.00 | |

There are no surveillance photographs for these transactions. But the Mario D. Turner checks were also used in connection with the fraudulent transactions relating to CB and MB. (See next two paragraphs).

11. A review of banking records for CB's account reveals the following fraudulent transactions:

| Date | Deposited Amount | Amount W/Drawn | Maker of Check |
|---|---|---|---|
| 2/18/06 | $1600.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1425.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1700.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1865.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1935.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1285.00 | $700.00 | Mario D. Turner |

Totals    $9810.00    $4200.00

These above mentioned transactions were captured on the ATM surveillance system located at the intersection of Tenth and Union Streets, Wilmington, DE. The individual in the photographs resembles Derrick Dixon.

12. A review of banking records for MB's account reveals the following fraudulent transactions:

| Date | Deposited Amount | Amount W/Drawn | Maker of Check |
|---|---|---|---|
| 2/18/06 | $1450.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1800.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1250.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1680.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1365.00 | $700.00 | Unknown |
| 2/18/06 | $1852.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1900.00 | $700.00 | Mario D. Turner |
| 2/18/06 | $1785.00 | $700.00 | Mario D. Turner |
| 2/19/06 | $1400.00 | $700.00 | TT |
| 2/19/06 | $1625.00 | $700.00 | TT |
| 2/19/06 | $1325.00 | $700.00 | TT |
| 2/19/06 | $1852.00 | $700.00 | TT |

Totals    $20,369.00    $8,400.00

These above mentioned transactions were captured on the ATM surveillance system located at the intersection of Tenth and Union Streets, Wilmington, DE. The individual in the photographs resembles Derrick Dixon.

The following transactions were not captured by ATM surveillance cameras. However, the checks used to make the deposits were the same checks ("TT") as the checks used above. These transactions occurred at the same ATM location as the transactions above.

| Date | Deposited Amount | Amount W/Drawn | Maker of Check |
|---|---|---|---|
| 2/21/06 | $1365.00 | $700.00 | TT |
| 2/21/06 | $1470.00 | $700.00 | TT |
| 2/21/06 | $1640.00 | $700.00 | TT |
| 2/21/06 | $1740.00 | $700.00 | TT |
| 2/21/06 | $1670.00 | $700.00 | TT |
| 2/21/06 | $1550.00 | $700.00 | TT |
| 2/21/06 | $1600.00 | $700.00 | TT |
| 2/21/06 | $1475.00 | $700.00 | TT |
| 2/21/06 | $1465.00 | $700.00 | TT |
| 2/21/06 | $1460.05 | $700.00 | TT |
| 2/21/06 | $1475.00 | $700.00 | TT |

|       | Totals  | $16,910.05 | $7,700.00 |

13. A review of banking records for JH's account reveals the following fraudulent transactions:

| Date    | Deposited Amount | Amount W/Drawn | Maker of Check |
|---------|------------------|----------------|----------------|
| 2/23/06 | $1325.00         | $700.00        | TDF            |
| 2/23/06 | $1600.00         | $700.00        | TDF            |
| 2/23/06 | $1485.00         | $700.00        | TDF            |
| 2/23/06 | $1765.00         | $700.00        | TDF            |
| 2/23/06 | $1805.00         | $700.00        | TDF            |
| 2/23/06 | $1985.00         | $700.00        | TDF            |
| 2/23/06 | $1985.00         | $700.00        | TDF            |
| 2/23/06 | $1935.00         | $700.00        | TDF            |
| 2/23/06 | $1585.00         | $700.00        | TDF            |
| 2/23/06 | $1400.80         | $700.00        | TDF            |
| 2/23/06 | $1250.00         | $700.00        | TDF            |

|       | Totals  | $18,120.80 | $7,700.00 |

These above mentioned transactions were captured on the ATM surveillance system located at the intersection of Tenth and Union Streets, Wilmington, DE. The individual in the photographs resembles Derrick Dixon. The checks used in these transactions were sold to "Banks" by TDF. (See paragraph 7).

14. A review of banking records for KR's account reveals the following fraudulent transactions:

| Date    | Deposited Amount | Amount W/Drawn | Maker of Check |
|---------|------------------|----------------|----------------|
| 2/25/06 | $1465.00         | $700.00        | TT             |
| 2/25/06 | $1740.00         | $700.00        | TT             |
| 2/25/06 | $1455.00         | $700.00        | TT             |
| 2/25/06 | $1740.00         | $700.00        | TT             |
| 2/25/06 | $1670.00         | $700.00        | TT             |
| 2/25/06 | $1650.00         | $700.00        | TT             |
| 2/25/06 | $1780.00         | $700.00        | TT             |
| 2/25/06 | $1680.00         | $700.00        | TT             |
| 2/25/06 | $1740.00         | $700.00        | TT             |
| 2/25/06 | $1680.00         | $700.00        | TT             |
| 2/25/06 | $1780.00         | $700.00        | TT             |

|       | Totals  | $18,380.00 | $7,700.00 |

There are no surveillance photographs for these transactions; however, there are surveillance photos of an individual resembling Dixon when he used other checks

belonging to TT. (See paragraph 12).

15. A review of banking records for NW's account reveals the following fraudulent transactions:

| Date | Deposited Amount | Amount W/Drawn | Maker of Check |
|---|---|---|---|
| 2/27/06 | $1300.00 | $700.00 | TDF |
| 2/27/06 | $1850.00 | $700.00 | TDF |
| 2/27/06 | $1925.00 | $700.00 | TDF |
| 2/27/06 | $1836.00 | $700.00 | TDF |
| 2/27/06 | $1296.00 | $700.00 | TDF |
| 2/27/06 | $1359.00 | $700.00 | TDF |
| 2/27/06 | $2580.00 | $700.00 | TDF |
| 2/27/06 | $2150.00 | $700.00 | TDF |
| 2/27/06 | $2358.00 | $700.00 | TDF |
| 2/27/06 | $2250.00 | $700.00 | TDF |
| 2/27/06 | $2680.00 | $700.00 | TDF |
| 2/27/06 | $2680.00 | $700.00 | TDF |
| 2/27/06 | $2666.00 | $700.00 | TDF |
| Totals | $26,930.66 | $9,100.00 | |

There are no surveillance photographs. However, as stated earlier in paragraph 7, TDF said he sold his checks to "Banks," a/k/a Derrick.

16. In summary, a total of eighty-two fraudulent deposits were made into the above-mentioned accounts totaling $137,020.51. The total amount of withdrawals made is $57,400.00.

17. A search into Dixon's criminal history revealed an extensive history of fraud-related crimes. Of particular relevance is a Delaware State Police investigation resulting in Dixon's arrest for cashing two counterfeit checks at United Check Cashing, New Castle, DE. Dixon cashed two counterfeit checks drawn on two different banks in the amounts of $740.10 and $3,378.09. Upon Dixon's arrest on 6/21/04, he admitted to knowingly cashing the counterfeit checks in question.

18. A search warrant was executed on Dixon's residence on 6/24/04, which resulted in the Delaware State Police recovering counterfeit checks and related items made out to different individuals and drawn on different banks.

19. A second Delaware State Police investigation showed that Dixon was arrested on 1/31/04 after the investigation determined he cashed a $7500.00 check as a part of a larger check cashing scheme with several other defendants. Further, a police report relating to this investigation stated that Dixon was arrested in 1998 for depositing stolen checks into an account he personally opened.

20. The deposits of PNC Bank are insured by the Federal Deposit Insurance Corp., according to PNC's website.

Based on the above facts, I submit that there is probable cause to believe that DERRICK DIXON knowingly executed on 82 occasions, including February 11, 2006, when he deposited a "Viola S. Handy" check to a PNC account, a scheme, which resulted in the defrauding of a financial institution in violation of 18 U.S.C. § 1344.

SHON L. SAIN, Special Agent
United States Secret Service

Sworn to and subscribed before me this ___ day of _____, 2006.

Honorable Mary Pat Thynge
United States Magistrate Judge